|    |                                                                                      |
|----|--------------------------------------------------------------------------------------|
| 1  |                                                                                      |
| 2  |                                                                                      |
| 3  |                                                                                      |
| 4  |                                                                                      |
| 5  |                                                                                      |
| 6  |                                                                                      |
| 7  |                                                                                      |
| 8  | IN THE UNITED STATES DISTRICT COURT                                                  |
| 9  | FOR THE EASTERN DISTRICT OF CALIFORNIA                                               |
| 10 |                                                                                      |
| 11 | TYRONE CONNOR,                                                                       |
| 12 |     Plaintiff,                    No. CIV S-07-1844 GEB CMK P    |
| 13 |   vs.                                                                      |
| 14 | JOHN STEINBERG,                                                                      |
| 15 |     Defendant.                    <u>ORDER</u>                   |
| 16 | _____/                                                    |

17  Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant
18 to 42 U.S.C. § 1983. Plaintiff has not filed an application to proceed in forma pauperis.

19  The federal venue statute requires that a civil action, other than one based on
20 diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all
21 defendants reside in the same State, (2) a judicial district in which a substantial part of the events
22 or omissions giving rise to the claim occurred, or a substantial part of property that is the subject
23 of the action is situated, or (3) a judicial district in which any defendant may be found, if there is
24 no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

25  In this case, none of the defendants reside in this district. The claim arose in Los
26 Angeles County, furthermore, the defendant resides in Alameda County. Therefore, plaintiff's

1  claim should have been filed in the United States District Court for the Northern District of
2  California. In the interest of justice, a federal court may transfer a complaint filed in the wrong
3  district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932
4  (D.C. Cir. 1974).
5           Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
6  United States District Court for the Northern District of California.

8  DATED: September 13, 2007.

10                                                   _____
                                                     **CRAIG M. KELLISON**
11                                                   UNITED STATES MAGISTRATE JUDGE